**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| DONALD HYNES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-291-JMS-WGH |
| | ) | |
| CHARLES LOCKETT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Donald Hynes was convicted of cocaine and related offenses. *See United States v. Hynes,* 467 F.3d 951, 962 (6th Cir. 2006). The trial court denied his motion for relief pursuant to 28 U.S.C. § 2255. *Hynes v. U.S.*, 2010 WL 2556858 (E.D.Mich. 2010). Hynes is now confined within the Southern District of Indiana and challenges his conviction pursuant to 28 U.S.C. § 2241.

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States*, 417 U.S. 333, 343 (1974), although § 2241 also supplies a basis for collateral relief under limited circumstances. "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)).

Consistent with the foregoing, a remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). Actual innocence requires "factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623-24 (1998). A claim of actual innocence requires a petitioner to show (1) new reliable evidence not presented at trial establishing (2) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence. *House v. Bell,* 547 U.S. 518, 537-38 (2006). *Horner v. Knight*, 2008 WL 2486502 (S.D.Ind. June 18, 2008).

Hynes recognizes this qualification and argues that he can establish his actual innocence because there was a violation of the speedy trial act, causing the trial court to lose jurisdiction. The argument he makes, however, is inadequate because abundant authority holds that an alleged violation of the speedy trial act qualifies as the former but not the latter, and it is only the latter which supplies a basis for proceeding pursuant to § 2241. *See, e.g., United States v. Hamilton,* 604 F.3d 572, 574 (8th Cir. 2010) (finding petitioner had forfeited right to challenge speedy trial violations where he could have made the challenge at the time he filed his § 2255 motion); *Wardrick v. Federal Bureau of Prisons,* 2012 WL 761717 (E.D.Ky. Mar.7, 2012) (finding savings clause of § 2255 did not apply where petitioner simply claimed his sentence was unconstitutional because his right to speedy trial had been violated); *Hall v. Wilson,* 2011 WL 676935, * 2–3 (E.D.Ky. 2011) (dismissing § 2241 petition and discussing non-application of the savings clause of § 2255 for alleged speedy trial violations); *Vandivere v. Stansberry,* 2009 WL 7113449, * 1 (E.D.Va. 2009) (holding allegations that petitioner's conviction and sentence should be vacated due to speedy trial violations was an attack properly brought under § 2255 and not under § 2241, and § 2255 was not an inadequate or ineffective remedy to test his detention).

Because Hynes' habeas claim was or could have been presented to the trial court, the remedy afforded by § 2255 was anything but "unavailable" or ineffective to test the validity of his conviction. It is not available for further review here.

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face*." McFarland v. Scott*, 512 U.S. 849, 856 (1994). This is an appropriate case for such a disposition for precisely the reasons explained above. That is, petitioner Hynes has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/18/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Donald Hynes
30920-039
Terre Haute – FPC
P.O. Box 33
Terre Haute, IN 47808